CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 2 9 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

MARCUS SUMBLIN, )
    Movant, )
) Civil Action No. 7:06-cv-00431
v. )
) MEMORANDUM OPINION
UNITED STATES OF AMERICA, )
    Respondent. )
)
) By: Hon. James C. Turk
) Senior United States District Court Judge

This matter is before the court on Marcus Sumblin's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence this court imposed upon him on January 31, 2006. The United States has responded. Having considered Mr. Sumblin's motion and the briefs and arguments of the United States, the court concludes that Mr. Sumblin's motion must be denied.

## I.

The Movant is currently incarcerated at United States Penitentiary Canaan located in Waymart Pennsylvania, where he is serving the sentence imposed by this court on January 31, 2006. On September 15, 2005 the Movant entered into a written plea agreement with the United States. Pursuant to the agreement, the Movant pled guilty to two counts; one charged him with conspiring to possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846; the other charged him with being a convicted felon in possession of a firearm, in violation of § 922(g). In exchange for the Movant's plea of guilty and waiver of certain rights, the United States agreed, among other things, to dismiss the other charges for which he had been

1

indicted, specifically: one count of possession with intent to distribute heroin resulting in death or serious bodily injury, in violation of 21 U.S.C. § 841, and four counts of use of a firearm during or in relation to, or possession of a firearm in furtherance of, a drug trafficking offense, in violation of 18 U.S.C. § 924(c).

Among the rights that the Movant waived pursuant to his plea agreement are the right to appeal sentencing guidelines factors and their application to his case and the right to collaterally attack his sentence and judgment of conviction pursuant to 28 U.S.C. § 2255. Although the court warned the Movant that he might lose the benefits of his plea agreement if he should breach it (Plea Hr'g Tr. 14–15)[1] the Movant seeks to collaterally attack the court's judgment of conviction in his case, claiming that he was denied effective assistance of counsel because his attorney did not file a notice of appeal in order to challenge "the enhancements and drug rate used to determine the base offense level" (2255 Mot. 5.) despite the Movant's express instructions to do so.

## II.

A criminal defendant has the power to waive both his right to appeal directly from his conviction and sentence and his right to collaterally attack his conviction and sentence, "so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). The Movant expressly surrendered both of these rights pursuant to a plea agreement with the United States. This court held a hearing at which it conducted a thorough plea colloquy with the Movant. Speaking to the Movant directly, in the presence of his attorney, the court explained

---

[1] The United States obtained a copy of the transcript of the plea hearing and filed it under the original criminal action number, 7:04CR66.

the nature of the plea agreement and made sure that he understood what rights he was giving up.[2] (Plea Hr'g Tr. 3–15.) After speaking to the Movant and his attorney, this court found that the defendant acted voluntarily and that he fully understood what he was doing. (Plea Hr'g Tr. 15.) The court concludes that the Movant knowingly and voluntarily waived his appeal and collateral attack rights. The Movant has not claimed nor alleged facts suggesting anything to the contrary.

Although the Movant's waiver is valid, the Court of Appeals for the Fourth Circuit has allowed criminal defendants to raise a "narrow class of claims" on direct appeal "despite a general waiver of appellate rights," Lemaster, 403 F.3d 216, 220 n.2 (4th Cir. 2005)[3] and has suggested that such claims may also be entertained on a § 2255 motion "despite a general waiver of collateral attack rights." The Movant's claim, however, falls outside the narrow class identified by the Court of Appeals.

The Movant claims that he was denied effective assistance of counsel. In his motion he alleges "[a]t the conclusion of sentencing I instructed . . . defense counsel[] to file a notice of appeal to challenge the enhancements and the drug rate used to determine the base offense level. . . . [Counsel]'s failure to follow my instructions worked to deprive me of my right to file an appeal . . . ." The Court of Appeals for the Fourth Circuit has recognized that a general waiver of

---

[2] Among other things, the court specifically asked the Movant if he understood that he was "giving up [his] right to appeal any sentencing guideline issue and [he was] also waiving [his] right to collaterally attack [his] judgment," and that if he were to breach the plea agreement he "might lose the benefits of [it]." (Plea Hr'g. Tr. 15.) To each of these queries Mr. Sumblin replied "Yes." (Plea Hr'g Tr. 15, 16.)

[3] The class of claims identified in Lemaster includes a claim that the defendant's sentence was imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race, Lemaster, 403 F.3d at 218 n.2 (citing United States v. Marin, 961 F.2d 493 (4th Cir. 1992)), and a claim that the defendant had been wholly deprived of counsel during his sentencing proceedings. Id.

3

appellate rights in a guilty plea does not waive a defendant's appellate claim that "proceedings following entry of the guilty plea—including both [a sentencing hearing and presentation of a motion to withdraw the guilty plea]—were conducted in violation of [his] Sixth Amendment right to counsel." United States v. Attar, 38 F.3d 727, 732 (4th Cir. 1994). The Attar court explained that "a defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations." Id.

If the same rationale applies in the § 2255 context, a defendant's agreement to waive collateral review of his sentence or judgment presupposes that his appeal will be conducted in accordance with constitutional limitations. An appeal is generally not so conducted if the defendant is deprived of the appeal process by counsel's erroneous failure to file a timely notice of appeal. Roe v. Flores-Ortega, 528 U.S. 470, 483 (2000). The Court of Appeals for the Fourth Circuit has therefore held (in an unpublished opinion) that a criminal defendant's "waiver of his right to collaterally attack his sentence, coupled with his express reservation of the right to file a direct appeal, does not bar his claim that his attorney failed to consult him concerning an appeal." United States v. Embree, 169 Fed. Appx. 761 (4th Cir. 2006).

The Movant's case is different, however. The Movant expressly waived his right to "appeal any sentencing guidelines factors or the Court's application of the sentencing guidelines factors to the facts of [his] case." (Plea Agreement 4.) He alleges, however, that he asked his defense counsel to file a notice of appeal to challenge "the enhancements and the drug rate used to determine the base offense level" (§ 2255 Mot. 5.) —the very issues with respect to which he waived his right of appeal. It was not the Movant's counsel that denied him his appeal, but the

4

Movant himself through his knowing and voluntary waiver.[4] This is consistent with constitutional limitations. United States v. Blick, 408 F.3d 162, 173 (4th Cir. 2005) (upholding a waiver of the right to appeal sentencing guidelines issues).

The Movant knowingly and voluntarily waived his right to collaterally attack his sentence and judgment of conviction, and he alleges no infirmity that would bring his § 2255 motion outside the scope of this waiver. His motion will therefore be denied.

ENTER: This 29th day of January, 2007.

SENIOR UNITED STATES DISTRICT JUDGE

---

[4] The Movant would not have lost the right to appeal or the right to effective assistance of counsel on appeal if his plea agreement merely rendered frivolous the issues that he wished to raise. See Anders v. California, 386 U.S. 738, 745 (1967); Frazer v. South Carolina, 430 F.3d 696, 705 (4th Cir. 2005) (recognizing that "a defendant has a right to pursue a direct appeal, even if frivolous"). The movant's agreement, however, did not simply affect the merits of the issues that he wishes to raise on appeal; it expressly waived the appeal right itself. (Plea Agreement 4 ("I am knowingly and voluntarily waiving *any* right to appeal sentencing guidelines factors . . . ." (emphasis added)).) Having waived his rights, the Movant lost nothing to which he was constitutionally entitled when the time for filing a notice of appeal expired—neither the right to appeal nor the right to have effective assistance of appellate counsel. See Ross v. Moffitt, 417 U.S. 600, 612 (1974) (holding that the Constitution does not require a defendant be appointed appellate counsel where he has no appeal as a matter of right).